## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| HOLLY DRACZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, as successor-in-interest to THE OLD LINE LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | CIVIL ACTION FILE<br>NO. 3:04-CV-013 (CDL) |

### DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR, <u>ALTERNATIVELY, FOR DEFAULT JUDGMENT</u>

Kenan G. Loomis
Georgia Bar No. 457865
Attorney for American General Life Insurance Company
SMITH MOORE LLP
1201 West Peachtree Street
3700 One Atlantic Center
Atlanta, GA  30309
Telephone:  (404) 962-1000
Fax:  (404) 962-1200
E-mail:  kenan.loomis@smithmoorelaw.com

Attorneys for American General Life Insurance Company

# **TABLE OF CONTENTS**

| | |
|---|---|
| **TABLE OF CONTENTS**................................................................................................... | i |
| **TABLE OF AUTHORITIES**............................................................................................. | ii |
| **OVERVIEW** ....................................................................................................................... | 1 |
| **ARGUMENT AND CITATION OF AUTHORITY**....................................................... | 3 |
| I.   MR. DRACZ'S MISREPRESENTATION WAS MATERIAL AS A MATTER OF LAW SO THAT RESCISSION OF THE POLICY IS APPROPRIATE. ........................................................................................................ | 3 |
|     A.   The Unrefuted Evidence of Record Demonstrates That the Policy Would Not Have Been Issued As Applied For Had Mr. Dracz's DUI History Been Known. .................................................................................. | 4 |
|         1.  <u>The Court Must Consider Mr. Summers' Testimony</u>. ............................. | 4 |
|         2.  <u>David Cook's Testimony Cannot Be Considered</u>.................................. | 5 |
|             a.  *Mr. Cook's Opinions Based Upon Internet Information Cannot Be Considered Under Rule 703*...................................................... | 7 |
|             b.  *Mr. Cook's Opinions Based Upon Telephone Conversations Cannot Be Considered Under Rule 703* ........................................ | 8 |
|     B.   American General's Underwriting Guidelines Do Not Demonstrate Mr. Dracz Would Have Been Issued the Policy Regardless of His DUI History............................................................................................................ | 9 |
| II.  A FACT QUESTION DOES NOT EXIST AS TO WHETHER MR. DRACZ FAILED TO DISCLOSE HIS DUI HISTORY. .................................................. | 9 |
|     A.   Toinette Teasley's Testimony Is Unrebutted:  Mr. Dracz Did Not Disclose His DUI History ............................................................................ | 9 |
|     B.   American General Is Not Estopped From Denying That the "Yes" Box Was Marked .................................................................................................. | 11 |
| III. PLAINTIFF HAS NO CLAIM FOR INTENTIONAL ALTERATION OF CONTRACT. .............................................................................................................. | 12 |
| IV. SUMMARY JUDGMENT IS APPROPRIATE ON PLAINTIFF'S FRAUD CLAIM. ....................................................................................................................... | 12 |
| V.  A DEFAULT JUDGMENT SHOULD BE ENTERED ........................................ | 13 |
| **CONCLUSION** ..................................................................................................................... | 13 |

# **TABLE OF AUTHORITIES**

| **Case Name** | **Pages Where Cited in Brief** |
|---|---|
| *Arrington v. City of Macon*, 986 F. Supp. 1474, 1476 (M.D. Ga. 1997) | 10 |
| *Bellam v. Medical Center Anesthesiology of Athens, P.C.*, 992 F. Supp. 1476, 1478 (M.D. Ga. 1997) | 10 |
| *Boyce v. Beldon*, No. 3:99-CV-126, 2002 WL 171697 (M.D. Ga., Jan. 30, 2002) | 6 |
| *Case v. RGA Ins. Services*, 521 S.E.2d 32 (Ga. Ct. App. 1999) | 4, 5, 12 |
| *Celtic Life Ins. Co. v. Monroe*, 467 S.E.2d 360 (Ga. Ct. App. 1996) | 4 |
| *Cummins v. Lyle Industries*, 93 F.3d 362, 372 (7th Cir. 1996) | 8 |
| *Davis v. John Hancock Mutual Life Ins. Co.*, 413 S.E.2d 224 (Ga. Ct. App. 1991) | 4 |
| *Federal Kemper Life Assurance Company v. First National Bank*, 712 F.2d 459 (11th Cir. 1983) | 3 |
| *Hopkins v. Life Ins. Co. of Georgia*, 462 S.E.2d 467 (Ga. Ct. App. 1995) | 4 |
| *Hot Wax, Inc. v. Warsaw Chemical Co.*, 45 F. Supp. 2d 635, 638 (N.D. Ill. 1999) | 8 |
| *In Re Ameriserve Food Distribution, Inc.*, 267 B.R. 668 (D. Del. 2001) | 7 |
| *Lively v. Southern Heritage Ins. Co.*, 568 S.E.2d 98 (Ga. Ct. App. 2002) | 5 |
| *Local Rule No. 48, United Brotherhood of Carpenters and Joiners of America v. United Brotherhood of Carpenters and Joiners of America*, 920 F.2d 1047, 1051 (1st Cir. 1990) | 11 |
| *McLendon v. Georgia Kaolin Co.*, 841 F. Supp. 415, 419 (M.D. Ga. 1994) | 6 |
| *Miller v. Nortel Network's Long-Term Disability Plan*, No. CIV:03-258-PB, 2005 WL 152127 (D.N.H. Jan. 25, 2005) | 11 |
| *Preston v. National Life & Accident Ins. Co.*, 26 S.E.2d 439, 448-449 (Ga. 1943) | 4 |
| *Public Savings Life Ins. Co. v. Wilder*, 182 S.E.2d 536 (Ga. Ct. App. 1971) | 12 |
| *St. Clair v. Johnny's Oyster Bar*, 76 F. Supp. 2d 773, 774-775 (S.D. Tex. 1999) | 7 |
| *Taylor v. Georgia Int'l Life Ins. Co.*, 427 S.E.2d 833 (Ga. Ct. App. 1993) | 4 |
| *Thompson v. Permanent Gen'l Assurance Corp.*, 519 S.E.2d 249, 250-251 (Ga. App. 1999) | 3 |

| **Case Name** | **Pages Where Cited in Brief** |
|---|---|
| *U.S. v. Heijnen*, No. 04-4036, 2005 WL 2271874, at *2 (4th Cir. Sept. 19, 2005) | 7 |
| *Woods v. Independent Fire Ins. Co.*, 749 F.2d 1493, 1497 (11th Cir. 1985) | 3 |

**Statutes/Regulations**

| | | |
|---|---|---|
| 1. | O.C.G.A. § 13-4-1 | 2, 12 |
| 2. | O.C.G.A. § 33-24-7 | 3 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HOLLY DRACZ,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY, as successor-<br>in-interest to THE OLD LINE LIFE<br>INSURANCE COMPANY OF<br>AMERICA,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 3:04-cv-013-CDL |

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OR,
ALTERNATIVELY, FOR DEFAULT JUDGMENT**

COMES NOW American General Life Insurance Company (hereinafter "American General") and submits this its Reply Brief in Support of Its Motion for Summary Judgment Or, Alternatively, for Default Judgment as follows:

**OVERVIEW**

American General filed a Motion for Summary Judgment Or, Alternatively, for Default Judgment on September 19, 2005. Therein, it demonstrated that Plaintiff's claims for breach of contract, intentional alteration of contract and fraud are barred as a matter of law. It also demonstrated Plaintiff is in default on American General's Counterclaims. In her Response Brief, Plaintiff argues her breach of contract claim is viable because "materiality" is, in all instances, a fact question. This is not the case, as Georgia courts have routinely determined materiality as a matter of law where, as here, the permissible evidence excludes every reasonable inference to the contrary. This court cannot consider the proffered opinions of Plaintiff's "materiality" expert as they are

based on unreliable hearsay and because they violate this Court's Order of March 28, 2005. Regardless, even if they are considered, American General has still demonstrated materiality.

Plaintiff also contends summary judgment is unwarranted because a factual issue exists as to whether Mr. Dracz made a misrepresentation at all. Specifically, she contends there is conflicting evidence as to whether Mr. Dracz responded "yes" or "no" to the DUI question. Plaintiff asks this Court to engage in supposition; the direct and unrebutted evidence of record from Ms. Toinette Teasley proves Mr. Dracz did not disclose his DUI history. There is no conflicting evidence on this issue.

Next, Plaintiff argues she is entitled to damages under O.C.G.A. § 13-4-1. This statute only provides for the rescission of a contract where it has been altered by one party intending to deceive the other. Plaintiff offers no authority for her position this statute authorizes a monetary damage award.

Plaintiff's contention that her fraud claim remains is untenable as well, as she does not dispute that she has affirmed the contract at issue. In such instances, she is relegated to a breach of contract claim. Plaintiff does not even address American General's argument that it is not bound by Ms. Teasley's alleged actions so that it cannot be held vicariously liable for same.

Finally, Plaintiff similarly fails to demonstrate why a default judgment should not be entered in this case arising from her failure to answer counterclaims on two occasions. A default judgment should therefore be entered.

**ARGUMENT AND CITATION OF AUTHORITIES**

I.  **MR. DRACZ'S MISREPRESENTATION WAS MATERIAL AS A MATTER OF LAW SO THAT RESCISSION OF THE POLICY IS APPROPRIATE.**

On pages 10-14 of her Brief, Plaintiff contends a factual question remains as to the materiality of Mr. Dracz's misrepresentation.[1] Citing *Federal Kemper Life Assurance Company v. First National Bank*, 712 F.2d 459 (11th Cir. 1983), Plaintiff states: "Under Georgia law, when the evidence is in conflict, the materiality of representations made by the insured on his application is a question of fact." (Plaintiff's Brief, p. 8). *Federal Kemper* was decided under Alabama law. *Id.* at 460. It is inapplicable here.

Instead, the Eleventh Circuit's interpretation of Georgia rescission law, premised on O.C.G.A. § 33-24-7, is found in *Woods v. Independent Fire Ins. Co.*, 749 F.2d 1493, 1497 (11th Cir. 1985). There it was noted that this Code section represents "the Georgia Legislature's long-standing concern that insurance contracts not be rendered void because of *minor* discrepancies made by the insured in his application for insurance." (Emphasis supplied).[2] In determining materiality, "Georgia courts employ a reasonableness test, an objective standard of conduct against which to measure the effect of the insured's false declarations." *Id.* Known as the "prudent insurer" test, a misrepresentation becomes material if it would "influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance." *Thompson v. Permanent Gen'l Assurance Corp.*, 519 S.E.2d 249, 250-

---

[1] In her deposition, Plaintiff conceded her husband had been charged with two DUIs within the five-year period preceding his insurance application: one on February 25, 1999 and another on August 24, 1996. (Deposition of Holly Dracz I, p. 51, ll. 21-24). In her Response Brief, Plaintiff correctly points out that the policy rescission was based on only the latter. Regardless, both DUIs were within five years of the application date so that Mr. Dracz should have responded "yes" to this question.

[2] Thus, it stands to reason that O.C.G.A. § 33-24-7 authorizes rescission when an important discrepancy exists in an insurance application, such as undisclosed DUIs.

251 (Ga. App. 1999). In analyzing this standard, the Georgia Supreme Court has, since at least 1943, recognized that "the final test is whether there was an increase in risk." *Preston v. National Life & Accident Ins. Co.*, 26 S.E.2d 439, 448-449 (Ga. 1943). Certain misrepresentations may increase the risk as a matter of law. *Id.* (recognizing "judicially and without proof that cancer is a dangerous disease [so that] … it must be held as a matter of law that the condition thus misrepresented was one that substantially increased the risk"). Prior DUIs similarly increase risks and are hence material as a matter of law. The evidence here excludes every reasonable inference to the contrary.

    **A.**    **The Unrefuted Evidence of Record Demonstrates That the Policy Would Not Have Been Issued As Applied For Had Mr. Dracz's DUI History Been Known.**

Georgia courts have consistently held summary judgment is appropriate on materiality where the undisputed record shows the insurer would not have issued the contested policy if the application had been truthfully completed. *See Celtic Life Ins. Co. v. Monroe*, 467 S.E.2d 360 (Ga. Ct. App. 1996); *Hopkins v. Life Ins. Co. of Georgia*, 462 S.E.2d 467 (Ga. Ct. App. 1995); *Taylor v. Georgia Int'l Life Ins. Co.*, 427 S.E.2d 833 (Ga. Ct. App. 1993); *Davis v. John Hancock Mutual Life Ins. Co.*, 413 S.E.2d 224 (Ga. Ct. App. 1991). Ron Summers' Declaration makes this showing. To rebut it, Plaintiff argues Mr. Summers' Declaration is insufficient because he works for American General. Alternatively, she alleges it is rebutted by David Cook's testimony. Neither argument has merit.

    1.    <u>The Court Must Consider Mr. Summers' Testimony</u>.

On pages 13-14 of her Brief, Plaintiff contends American General has not proved materiality because Mr. Summers' Declaration is "insufficient to be deemed to warrant that the Court find misrepresentation as a matter of law." She cites *Case v. RGA Ins. Services*, 521 S.E.2d 32 (Ga. Ct. App. 1999) for this proposition. The *Case* court did not refuse to grant summary

judgment on materiality because the defendant had submitted its own underwriter's affidavit. Instead, *Case* focused on whether the record reflected "the representation varied from the truth so as to substantially change the nature, extent, or character of the risk." *Id.* at 34. The *Case* court determined it did not because the carrier had not relied on the application at all, much less the misrepresentation, in issuing the policy. This was evident because a number of questions on the application were left blank. Plaintiff misstates the holding of *Case* to the extent she contends it demonstrates the insufficiency of Mr. Summers' Declaration.

Plaintiff has similarly misread *Lively v. Southern Heritage Ins. Co.*, 568 S.E.2d 98 (Ga. Ct. App. 2002), which she contends supports the following principle of Georgia law: "The question of whether an insurance company would have issued the policy as applied for is not one which the insurance company's underwriter's testimony should be accepted as true." (*See* Plaintiff's Brief, p. 13). *Lively* said no such thing. Summary judgment on materiality was denied in that case because the company's underwriter's affidavit contained only a blanket statement that the policy would not have been issued had the insured's prior history been known. The plaintiff's expert's affidavit countered that position. Nowhere did the *Lively* court state a company's underwriter's testimony cannot be accepted as true.

Mr. Summers' Declaration is sufficient to prove the materiality of Mr. Dracz's misrepresentation.[3] Summary judgment should be granted on the issue.

2. David Cook's Testimony Cannot Be Considered.

Plaintiff also contends summary judgment is inappropriate on materiality due to the report of her expert, David Cook. In it, he equivocally states "an experienced underwriter would have, ***in all likelihood***, issued the policy as applied for knowing about the DUI instance."

---

[3] Mr. Summers' Declaration exhaustively details how insureds with DUIs change the nature, extent, and character of the risk. (September 15, 2005 Declaration of Ron Summers, ¶ 7).

(*See* Plaintiff's Brief, pp. 12, 13, emphasis added.)  Noticeably absent from Plaintiff's Brief is any reference to the basis of Mr. Cook's opinion.  This is because it is premised upon unreliable hearsay and thus may not be considered under Fed. R. Evid. 703.[4]

Mr. Cook has never underwritten an insurance policy in his life.  Instead, he is an insurance salesman.  (Deposition of David Cook, p. 61, ll. 7-17).[5]  Perhaps this is why the "Information Considered in Forming Opinions" portion of his report shows he relied on other companies' underwriting information to form his opinions in this case.  He did so in two ways.  First he looked at written "web-based" guidelines.  (*See* Cook Report, page 3, attached as Exhibit 1 to Cook's Deposition).  Second, he had telephone conversations with unidentified people at various insurance companies.  As this Court has once before noted, Rule 703 provides that expert opinions may be based upon otherwise inadmissible hearsay "only if the facts or data upon which the opinion is based are 'of a type reasonably relied upon by experts in a particular field in forming opinions or references upon the subject.'"  *McLendon v. Georgia Kaolin Co.*, 841 F. Supp. 415, 419 (M.D. Ga. 1994).  This rule of evidence applies at the summary judgment stage.  *Boyce v. Beldon*, No. 3:99-CV-126, 2002 WL 171697 (M.D. Ga., Jan. 30, 2002).  Opinions based upon Internet information and telephone calls with unidentified persons do not satisfy Rule 703.

---

[4]  American General moved to exclude Mr. Cook's testimony on June 16, 2005 as Mr. Cook was untimely identified and because his opinions violate this Court's March 28, 2005 Order limiting any future discovery.  Mr. Cook should not be allowed to opine on what "an experienced underwriter would have done in all likelihood."  Instead, his testimony should be limited to whether the materiality of the DUI question can be determined from the way American General adjudicated other like claims.  He concedes nothing in the way American General handled these claims demonstrates it considers DUIs immaterial.  (Cook Dep., p. 214, l. 21 – p. 215, l. 4; p. 217, l. 9).

[5]  Although Mr. Cook contends that an agent performs some underwriting function when he fills out an application, he concedes that the ultimate authority as to whether the policy is going to be issued or not rests with the home office underwriter as compared to the sales agent.  (Cook Dep., p. 62, ll. 8-12).  It is the home office underwriter, and not the agent, who gives a policy the final stamp of approval.  (Cook Dep., p. 55, ll. 15-19).  Mr. Cook has never been a home office underwriter.

        a.    *Mr. Cook's Opinions Based Upon Internet Information Cannot Be Considered Under Rule 703*.

As his report reflects, Mr. Cook "considered and consulted" certain web-based publications in formulating his opinions. He concedes they are inappropriate for underwriting purposes as they are "(A) not normally accurate to the final consideration; and (B) highly limiting when it comes to actually underwriting considerations." (Cook Dep., p. 155, ll. 22-25). Regardless, information taken from the Internet is hearsay. *See U.S. v. Heijnen*, No. 04-4036, 2005 WL 2271874, at *2 (4th Cir. Sept. 19, 2005) (documents downloaded from the Internet are hearsay). As stated by one court:

> There is no way [the litigant] can overcome the presumption that the information he discovered on the Internet is inherently untrustworthy. Anyone can put anything on the Internet. No web-site is monitored for accuracy and *nothing* contained therein is under oath or even subject to independent verification absent underlying documentation. Moreover, the court holds no illusions that hackers can adulterate the context of *any* web-site from *any* location *any* time. For these reasons, any evidence procured from the Internet is adequate for almost nothing, even under the most liberal interpretation of the hearsay exceptions found in Federal Rule of Evidence 807.

*St. Clair v. Johnny's Oyster Bar*, 76 F. Supp. 2d 773, 774-775 (S.D. Tex. 1999) (emphasis in original).

Thus, before Mr. Cook's opinions based on this hearsay can be considered, he must satisfy Rule 703. There has been no showing that purported underwriting experts regularly rely on other companies Internet-posted guidelines to formulate their opinions. His opinions, based on this hearsay, therefore cannot be considered. *See In Re Ameriserve Food Distribution, Inc.*, 267 B.R. 668 (D. Del. 2001) ("while an expert may base an opinion on hearsay, it must be of the type regularly relied upon by others in the field … it cannot be said that Internet and

library research, such as here, is the type experts customarily rely upon in forming legitimate opinions").

        b.    *Mr. Cook's Opinions Based Upon Telephone Conversations Cannot Be Considered Under Rule 703*.

Mr. Cook's opinions as to what an experienced underwriter would have done in this case are also based upon telephone conversations he had with purported underwriters at other insurance companies, the average length of which was four to six minutes. (Cook Dep., p. 243, l. 17 – p. 244, l. 12). He is unable to identify the persons with whom he spoke. (Cook Dep., p. 244, ll. 3-18). He is also unaware of their title, other than an unconfirmed representation that they were an underwriter. (Cook Dep., p. 244, ll. 14-18).[6] Again, there has been no showing that other underwriting experts base their opinions on this type of hearsay so that Mr. Cook's opinions based on same cannot be considered. *See Cummins v. Lyle Industries*, 93 F.3d 362, 372 (7th Cir. 1996) (opinion evidence held inadmissible because it was based upon information from unidentified individuals on unspecified dates, and there was no evidence in the record that experts in the field reasonably relied on statements of that kind); *Hot Wax, Inc. v. Warsaw Chemical Co.*, 45 F. Supp. 2d 635, 638 (N.D. Ill. 1999) (expert opinion that product at issue contained a particular substance was properly excluded because same was based upon hearsay statements made by unnamed persons).

Clearly, Mr. Cook's opinions are inadmissible and cannot be considered. Thus, there is nothing in the record rebutting Mr. Summers' Declaration that the DUI

---

[6] When Mr. Cook asked these alleged "underwriters" whether they would have issued Mr. Dracz a policy, he did not provide any other information about the proposed insured other than his age and a previous DUI. More importantly, rather than asking whether the alleged underwriter would have issued a $200,000 policy like Mr. Dracz's, he asked whether they would have issued $100,000 to $150,000 in coverage. (Cook Dep., p. 246, ll. 13-21). He did not ask whether the alleged underwriters would have issued a policy in the same premium range as that charged Mr. Dracz. (Cook Dep., p. 247, ll. 2-7).

question was material. The evidence therefore excludes every inference to the contrary so that summary judgment is appropriate.

> **B.     American General's Underwriting Guidelines Do Not Demonstrate Mr. Dracz Would Have Been Issued the Policy Regardless of His DUI History.**

At the bottom of page 11 of her Brief, Plaintiff contends that she has "presented documentary evidence that the Defendant's underwriting guidelines would allow for the same N2 Select rating" regardless of Mr. Dracz's DUI. Citing Mr. Sawicki's deposition testimony, she alleges American General would have issued this policy if the insured had either no DUI in the last five years or less than two motor vehicle violations in three years. Plaintiff misinterprets the guidelines. These classifications are exclusive, not inclusive, meaning the insured would not qualify for the rating if he had two violations *or* a DUI in the past five years. (October 24, 2005 Declaration of Ron Summers, ¶¶ 3, 4). Plaintiff fails to point out Mr. Sawicki's testimony on this issue found on his Errata Sheet in which he stated: "If you had a DUI within the preceding five years, you would not qualify for NT2."

## II.    A FACT QUESTION DOES NOT EXIST AS TO WHETHER MR. DRACZ FAILED TO DISCLOSE HIS DUI HISTORY.

On pages 14-20 of her Brief, Plaintiff alleges a fact issue exists as to what Mr. Dracz said with respect to his DUI history. She makes two arguments in this regard. First and foremost, she attacks Ms. Teasley's testimony, arguing that it is suspect. To the contrary, it is direct and unrebutted. Next, she contends that American General is estopped from denying Mr. Dracz revealed his DUI history. She offers no authority for this position.

> **A.     Toinette Teasley's Testimony Is Unrebutted: Mr. Dracz Did Not Disclose His DUI History.**

In paragraph 4 of her September 13, 2005 Declaration, Ms. Teasley states unequivocally that Mr. Dracz responded "no" when asked whether he had had a DUI in the

preceding five years.  She has also testified that she did not alter this answer.  (Teasley Dec. II, ¶ 5).  Plaintiff contends this testimony "should be discounted" because she offers no explanation as to why someone apparently checked the "yes" box and thereafter marked through it.  Plaintiff cites no case for the proposition that American General has the burden of doing so.  This is because it does not.

At the summary judgment stage, American General need only demonstrate an absence of evidence supporting Plaintiff's case.  *Arrington v. City of Macon*, 986 F. Supp. 1474, 1476 (M.D. Ga. 1997).  It has done so here, as Ms. Teasley has affirmatively testified Mr. Dracz did not disclose his DUI, nor did she alter his answer.  Thus, American General has presented evidence that Mr. Dracz misrepresented his DUI history.  The burden then shifts to the nonmovant, here the Plaintiff, to go beyond the pleadings and present specific evidence giving rise to a triable issue.  *Bellam v. Medical Center Anesthesiology of Athens, P.C.*, 992 F. Supp. 1476, 1478 (M.D. Ga. 1997).  Plaintiff has failed to present any direct evidence, beyond her contentions, that Mr. Dracz disclosed his DUI history and that Ms. Teasley thereafter changed his answer.[7]  Instead, she offers testimony of an alleged expert, who simply opines that the "yes" box may have been checked after the "no" box.  He even went so far as to opine it is improbable someone checked the "yes" box first, then scribbled it out and checked the "no" box.  (Baggett Dep., p. 118, ll. 10-14).  This testimony is not inconsistent with nor does it contradict Ms. Teasley's; instead, they align.  For Plaintiff's "alteration" theory to work, Mr. Dracz would have had to have responded "yes" to the DUI question, which Ms. Teasley recorded *first*.  She then would have had to check the "no" box

---

[7] For example, on page 16 of her Brief, Plaintiff says she "*submits* Grzegorz Dracz's response to Question No. 5 was 'yes' and that, when he signed the application, the answer that he saw and consented to on his behalf as 'yes.'"  This theory lacks any supporting reference to the record.

*second*. Ms. Teasley and Mr. Baggett are consistent in their positions that this did not occur, so that there is no factual dispute on the issue.

Plainly and simply, there is no evidence that demonstrates Mr. Dracz truthfully disclosed his DUI history and that Ms. Teasley thereafter altered his answer. Plaintiff's attempt to interject suspicion and supposition into this case does not rebut Ms. Teasley's direct and uncontroverted testimony so as to create a question of fact. "Rule 56 does not invite a court to enter the realm of surmise. Evidence that is based on conjecture or farfetched supposition is not sufficient to derail the operation of the rule." *Local Rule No. 48, United Brotherhood of Carpenters and Joiners of America v. United Brotherhood of Carpenters and Joiners of America*, 920 F.2d 1047, 1051 (1st Cir. 1990). *See also Miller v. Nortel Network's Long-Term Disability Plan*, No. CIV:03-258-PB, 2005 WL 152127 (D.N.H. Jan. 25, 2005) ("evidence based solely on conjecture or supposition is inadequate to establish a genuine issue of material fact and defeat summary judgment").

    **B.**    **American General Is Not Estopped From Denying That the "Yes" Box Was Marked.**

On pages 16-18 of her Brief, Plaintiff contends American General is estopped from denying Mr. Dracz disclosed his DUI history because it did not initial the change on the Application. This is completely inconsistent with Plaintiff's counsel's own reading of the Application as, in her view, "there appears to have been initials to the side of 'yes' … that are scribbled out." (Sawicki Dep., p. 54, ll. 5-7). Regardless of whether the change was initialed or not, this does not preclude American General from rescinding the policy, and Plaintiff cites no case law to the contrary.[8]

---

[8] Plaintiff puts great weight on Lester Lee's testimony that it was American General's rule to initial any changes on an Application. The Application at issue was taken by Ms. Teasley, who worked

The only authorities cited in this section of Plaintiff's Brief are *Case v. RGA Insurance Services*, 521 S.E.2d 32 (Ga. Ct. App. 1999) and *Public Savings Life Ins. Co. v. Wilder*, 182 S.E.2d 536 (Ga. Ct. App. 1971). Plaintiff's cites *Case* for the proposition that ambiguous insurance contracts must be construed against the insurer. Although this is a correct statement of the law, the instant case does not involve a contract ambiguity; it involves a contract rescission.

Plaintiff also cites *Public Savings Life Ins. Co. v. Wilder*, 182 S.E.2d 536 (Ga. Ct. App. 1971) arguing American General's alleged negligence in failing to initial the Application precludes summary judgment. *Wilder* said no such thing. There was affirmative and uncontradicted evidence in *Wilder* that the insured had given the agent truthful answers to all the questions on the application, which the agent thereafter misrepresented on the application. Thus, the *Wilder* court concluded the insurance company could not rely upon the misrepresentations to rescind the policy. The evidence in this case is different. Unlike *Wilder*, the evidence here shows the insured did not give truthful answers on the application. *Wilder* simply has no applicability to this case.

### III. PLAINTIFF HAS NO CLAIM FOR INTENTIONAL ALTERATION OF CONTRACT.

Plaintiff cites no authority for the proposition O.C.G.A. § 13-4-1 entitles her to monetary damages. It does not, so that summary judgment is appropriate on this claim.

### IV. SUMMARY JUDGMENT IS APPROPRIATE ON PLAINTIFF'S FRAUD CLAIM.

On page 22 of her Brief, Plaintiff contends "Defendant's agent fraudulently changed the "yes" response of the decedent to a "no" response. Pretermitting the contrary evidence on the issue from Ms. Teasley and Mr. Baggett, this contention demonstrates Plaintiff is pursuing a fraud in the inducement claim: by allegedly changing the answer on the Application, American General

---

for Exam One World Wide, not American General. (Teasley Dec. II, ¶ 1). Perhaps Exam One World Wide had a different policy.

induced Mr. Dracz into applying and paying for a product he could not have otherwise obtained. As stated on pages 14-16 of American General's initial Brief, Plaintiff cannot bring a fraud claim where, as here, she has elected to affirm rather than rescind the contract at issue. Moreover, Plaintiff does not even address American General's argument that it cannot be bound by Ms. Teasley's alleged actions.

## V.     A DEFAULT JUDGMENT SHOULD BE ENTERED.

Plaintiff does not dispute that she failed to timely answer American General's Counterclaims. In fact, the Answers were only filed, without leave, on October 18, 2005. She contends a Default Judgment cannot be entered because there has been no Entry of Default by the Clerk. The Entry was docketed on October 19, 2005. Plaintiff offers no explanation for her failure to answer the Counterclaims and hence has made no showing of good cause. A Default Judgment should be entered.

## CONCLUSION

For the reasons stated herein, American General respectfully requests that its Motion for Summary Judgment, Or, Alternatively, for Default Judgment be granted.

This 25 day of October, 2005.

                            **s/Kenan G. Loomis**
                            Kenan G. Loomis, Bar No. 457865
                            Attorney for American General Life Insurance Company
                            SMITH MOORE LLP
                            1201 West Peachtree Street
                            3700 One Atlantic Center
                            Atlanta, GA  30309
                            Phone:  (404) 962-1000
                            Fax:  (404) 962-1200
                            E-mail:  kenan.loomis@smithmoorelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HOLLY DRACZ,<br><br>      Plaintiff,<br><br>      v.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY, as successor-<br>in-interest to THE OLD LINE LIFE<br>INSURANCE COMPANY OF<br>AMERICA,<br><br>      Defendant. | CIVIL ACTION FILE<br>NO. 3:04-cv-013-CDL |

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2005, I electronically filed the foregoing **Defendant American General Life Insurance Company's Reply Brief in Support of Its Motion for Summary Judgment Or, Alternatively, for Default Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following**:**

Jacqueline K. Taylor  jaktaylor@msn.com

Respectfully submitted,

s/Kenan G. Loomis
Kenan G. Loomis, Bar No. 457865
SMITH MOORE LLP
1201 West Peachtree Street
3700 One Atlantic Center
Atlanta, GA  30309
Phone:  (404) 962-1000
Fax:  (404) 962-1200
E-mail:  kenan.loomis@smithmoorelaw.com

93692.05001063.000662